## City of Bowling Green v. Knight.

(Decided December 3, 1926.)

### Appeal from Warren Circuit Court.

1.    Contracts—Sewer Construction Contract, Authorizing Cancellation Whenever City Engineer Decided Work was Not Being Pushed Properly, Held Not Lacking in Mutuality.—Sewer construction

contract, authorizing city engineer to cancel it at any time he decided that work was not being pushed as it should be, held not lacking for mutuality, engineer being required to act in good faith on reasonable grounds.

2. Pleading—Failure of Sewer Contractor's Petition to Allege Want of Other Work to Minimize Damages During Delay Caused by City Engineer Held Cured by Answer and Reply.—In sewer contractor's action for damages for delay caused by city engineer, petition's failure to allege that there was no other work plaintiff could have done to minimize damages during period of delay held cured by answer and reply putting such question in issue.

3. Appeal and Error—Verdict on Conflicting Evidence Will Not be Disturbed.—Jury must be judge of conflicting evidence, and appellate court will not interfere.

4. Trial—Instructions Converse of Appellant's Instructions Held Not Error, when Considered as a Whole.—Instructions which were substantially the converse of instructions presenting appellant's theory held not erroneous; instructions as whole properly submitting issues.

MILTON CLARK and THOMAS, THOMAS & LOGAN for appellant.

JOHN L. STOUT, N. P. SIMS and GUY H. HERDMAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On the 12th day of July, 1923, the appellee entered into a written contract with the appellant, city of Bowling Green, to construct a sewer for appellant from State street along Spring alley, the work to be done under the supervision of the city engineer and the work to conform to the lines and grades given by the engineer and to be done in accordance with the drawings and directions given by him from time to time, subject to such modifications and additions as might be deemed necessary during the execution of the work.

On the 8th day of October, 1924, appellee, as plaintiff, instituted suit in the Warren circuit court in which he sought a recovery against appellant in the sum of $501.50. The petition was in four paragraphs: In the first paragraph he alleged the city was indebted to him in the sum of $51.50 for certain described extra material furnished by him in the construction of the sewer. In the second paragraph he sought to recover $200.00 as damages for delay in his work caused by the alleged failure of the city engineer to furnish the lines and grades showing the loca-

tion and depth of the sewer. In the third paragraph he sought to recover $100.00 as damages for delay caused, as alleged, by the city engineer furnishing him an incorrect grade line by which he was to excavate the sewer and thereby making it necessary for him to take up a portion of the pipe after it had been laid and to re-excavate a portion of the sewer ditch. In the fourth paragraph he sought to recover $150.00 as damages for extra work caused by the alleged act of the city in opening a dam between a sewer ditch it was constructing and the one appellee was constructing, thereby allowing the water to flow from the city's ditch into the ditch being constructed by him, which caused him extra work and expense in cleaning out his ditch.

Appellant demurred to the petition as a whole and to paragraphs two, three and four thereof separately, all of which were overruled. Appellant concedes that the petition as a whole states a cause of action. The demurrer to the petition was therefore properly overruled. It is insisted that the demurrer to paragraph two of the petition should have been sustained on the ground that article 9 of the contract makes it optional with the city engineer whether appellee could continue the work after he had once begun it, and, as the contract does not bind the city to permit appellee to continue the work, it is void and unenforceable for want of mutality.

Article 9 of the contract is as follows:

"The work shall be started as soon as reasonable after the contractor receives word to commence from the engineer and shall be rushed to completion as rapidly as is consistent with good work. If at any time the engineer decides that the work is not being pushed as it should be, he can order the contractor to relinquish his contract in part or in full, and either relet the remainder of the work or else complete it with city forces."

Where a party reserves the absolute right to cancel or terminate the contract at any time, the contract, if executory, can not be enforced because lacking in mutuality; but that is not the case here. The city through its engineer had the right to cancel the contract only under certain conditions. The ground upon which the appellant could cancel the contract was that "the work is not being pushed as it should be," which was left to

the decision of the engineer. The engineer, however, could not arbitrarily or capriciously exercise his judgment, but must have acted in good faith, and on reasonable grounds. Hence the contract was not lacking in mutality. Hoffman v. Colgan, 25 Ky. Law Rep. 98, 74 S. W. 724.

It is insisted that the demurrer to paragraph three should have been sustained because it did not allege there was no other work appellee could have done during the period of delay alleged. After the demurrer had been filed and before it had been acted upon, appellant filed an answer in which it was affirmatively alleged "that there were several weeks' work ahead of him (appellee) and waiting to be done at that time and that if he ceased work for a period of six days, which the defendant denies, he did it of his own volition and without any cause on account of the city's remedying any defect in said pipe." The affirmative allegations of the answer by agreement were controverted of record. Assuming that the petition should have alleged there was no other work appellee could have done to minimize his damages during this period of alleged delay, this question was put in issue by the answer and reply and the defect, if any, in the petition was cured.

It is also insisted that the verdict is not sustained by sufficient evidence. The evidence introduced for appellee supports the averments of each paragraph of the petition and is sufficient to sustain the verdict returned by the jury, but this evidence is contradicted in substantially every particular by that introduced for appellant; but where the evidence is conflicting the jury must be the judge of it. The jury accepted appellee's view of the case and we cannot say that they were not authorized in so doing.

Appellant finally insists that instructions 1, 2 and 3 are erroneous. Instructions 1a, 2a and 3a were offered by appellant and given by the court and presented appellant's theory of the case. The instructions complained of are substantially the converse of the instructions offered by appellant and the instructions as a whole properly submitted the issues to the jury.

Judgment affirmed.